**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hang Nguyen, et al.,<br>Plaintiffs,<br>v.<br>Amy Nguyen, et al.,<br>Defendants. | No. CV-26-07187-PHX-MTL<br>**ORDER** |

Before the Court are Plaintiffs Lenny Bennett and Hang Nguyen's Motion to Remand to State Court (Doc. 11) as well as Lenny Benentt's Motion for Discovery (Doc. 20) and *Ex Parte* Motion for Temporary Restraining Order (Doc. 33).

**I. BACKGROUND**

The following facts are taken from Plaintiffs' First Amended Complaint ("FAC") (Doc. 15). Bennett started an online business selling challenge coins and related accessories (the "Business").[1] (*Id.* ¶ 13.) A challenge coin is "a decorative coin or medallion acknowledging a special relationship between the holder and the issuer and used especially in the U.S. military to commemorate an event or act of service." *Challenge Coin*, Merriam-Webster, https://www.merriam-webster.com/dictionary/challenge%20coin (last visited Nov. 8, 2026).

---

[1] The First Amended Complaint states that Plaintiff Hang Nguyen is involved in the Business, but it is not clear how or to what extent. (*See* Doc. 15 ¶ 1.)

In February 2023, Bennett's now ex-wife, Defendant Amy Nguyen, joined the Business. (*Id.* ¶¶ 3, 14.) In March 2024, Bennett and Amy Nguyen executed a non-compete, non-disclosure, and non-assistance agreement (the "Agreement"). (*Id.* ¶ 16.) Despite the Agreement, Amy Ngueyn allegedly established a separate business that competes directly with Bennett. (*Id.* ¶ 20.) Amy Nguyen has, among other things, allegedly converted some of Bennett's challenge coin inventory, corrupted his digital files, and stolen cash. (*Id.* ¶¶ 25-30.) She has also allegedly colluded with Defendant Mace LLC and five John Does, identified by their social media usernames, to use Bennett's inventory and proprietary information to sell challenge coins on e-commerce sites eBay and Mercari. (*Id.* ¶¶ 22-26, 35-36.) eBay and Mercari have allegedly terminated Plaintiffs' accounts and refused to investigate Defendants' accounts.[2] (*Id.* ¶¶ 40-42.)

Plaintiffs initiated this action in Arizona Superior Court on August 13, 2026, against Amy Nguyen, Mace LLC, eBay Inc., and John Does 1-5 doing business as various social media users. (Doc. 1-1 at 10-17.) Defendants Amy Nguyen and Mace LLC were served on August 18, 2026. (*Id.* at 43, 45.) The Complaint alleged six state-law causes of action. After receiving a contested extension of time to answer the Complaint, Defendants Amy Nguyen and Mace LLC filed their Answer and Counterclaim on September 30, 2026. The Counterclaim asserts six claims, some of which sound in copyright and may only be heard in federal court. (*Id.* at 73-96.) Defendants removed to this Court that same day. (Doc. 1.)

After extensive motion practice, Plaintiffs amended their Complaint to the FAC, which asserts thirteen state-law causes of action. (*See* Doc. 15.) Defendants Nguyen and Mace answered the FAC but did not amend their Counterclaim. (Doc. 25.) Plaintiffs answered the Counterclaim. (Doc. 22.)

Plaintiffs have now filed three motions pending before the Court. The first is a motion to remand, arguing that Defendants' removal was untimely. (Doc. 11.) The second, filed only by Bennett, is a motion for early discovery. (Doc. 20.) And the third, also filed only by Bennett, is an *ex parte* motion seeking a temporary restraining order. (Doc. 33.)

---

[2] eBay and Mercari are named Defendants but have not yet been served or appeared.

Because the Court concludes that remand is appropriate, it does not address the other pending motions.

## II. LEGAL STANDARD

"A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). Actions removed solely under Section 1454 shall be made in accordance with 28 U.S.C. § 1446, except "the time limitations contained in [Section] 1446(b) may be extended at any time for cause shown." Section 1446(b)(2) provides that the notice of removal shall be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguities in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation modified).

## III. DISCUSSION

The parties agree that the dispositive question here is whether Defendants have shown the requisite cause to extend the 30-day removal deadline. (Doc. 24 at 3, Doc. 26 at 2.) "The few district courts to consider the 'cause shown' language in 28 U.S.C. § 1454 have concluded at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused." *Astra Veda Corp. v. Disruptive Res. LLC*, No. CV-24-00601-PHX-SPL, 2024 WL 6896188, at *2 (D. Ariz. May 30, 2024) (citation modified). "Oversight, inadvertence, or excusable neglect are usually insufficient to justify tardiness." *Id.*

Here, Defendants' explanation for the untimely removal is that their own delay in retaining counsel and the intervening holiday prevented them from investigating and preparing the notice of removal before the deadline. Plaintiffs argue that Defendants' delay

in retaining counsel is the exact type of oversight that does not justify tardiness.

Defendants do not offer, and the Court is unaware of, any authority that a party's delay in retaining counsel satisfies the "cause shown" or any other comparable standard. *Cf. Yazzie v. Mohave County*, No. CV 14-08153-PCT-JAT, 2015 WL 7567488, at *7 (D. Ariz. Nov. 25, 2015) (finding no good cause under Federal Rule of Civil Procedure 16(b) because "obtaining new counsel is not a valid reason for delay"); *United States v. Magana-Ayala*, 156 Fed. App'x 923, 925 (9th Cir. 2005) (mem.) ("Ayala argues that a delay in meeting with his attorney due to scheduling conflicts constitutes good cause. Since the fault of both Ayala and his attorney caused this delay, no good cause is shown [under Federal Rule of Appellate Procedure 4(a)].").

Defendants' reliance on *Donahue v. Tokyo Electron America, Inc.* is misplaced. No. A-14-CA-563-SS, 2014 WL 12479285 (W.D. Tex. Sep. 2, 2014). There, removal was delayed because the defendants were not able to bring their copyright counterclaims until the Copyright Office granted their registrations. *Id.* at *7. Defendants make no such showing here; the source of delay is entirely their own. While it is true that Defendants did not substantively litigate in state court and the delay is relatively modest, the Court nonetheless finds that Defendants' delay in retaining counsel is the type of oversight that does not show cause to extend the removal deadline. This is especially true in light of the strong presumption against removal. As such, the Court will remand this action.

Finally, Plaintiffs seek their costs and fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). Given the complexity of the case and the dearth of authority discussing the "cause shown" standard, the Court will not award costs or fees.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand to State Court (Doc. 11) is **GRANTED IN PART**. The Clerk of Court is directed to remand this case to the Arizona Superior Court in Maricopa County and close this case. The Plaintiffs are not entitled to their costs and fees.

. . . .

**IT IS FURTHER ORDERED** that the Motion for Discovery (Doc. 20) and the *Ex Parte* Motion for Temporary Restraining Order (Doc. 33) will remain pending for the state court to address in its discretion on remand.

**IT IS FINALLY ORDERED** that the hearing set for December 15, 2026, is **vacated**.

Dated this 9th day of November, 2026.

Michael T. Liburdi
United States District Judge